UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. MCFARLAND

VERSUS

NICHOLAS M BRUNE, ET AL

CIVIL ACTION

NUMBER 14-25-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 1, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. MCFARLAND

VERSUS

NICHOLAS M. BRUNE, ET AL

CIVIL ACTION

NUMBER 14-25-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Michael D. McFarland.  Record document number 3.  Defendants filed a response.[1]

Plaintiff filed a Petition for Damages in state court against defendants Nicholas M. Brune and Safeco Insurance Company of Oregon to recover damages resulting from his vehicle being struck from the rear by a vehicle operated by defendant Brune.  Plaintiff alleged that he sustained personal injuries and property damages, due to the fault and negligence of defendant Brune, and that he is entitled to recover the following past, present, and future damages for the injuries sustained in the accident: physical and mental pain, suffering and anguish; physical disability and/or impairment of functions and activities; loss of income and/or loss of earning capacity; loss of enjoyment of life; and property damage. Plaintiff alleged further that as a result of the injuries he has "incurred and will in the future incur expenses which he is

---

[1] Record document number 5.

entitled to recover from defendants, including medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses."[2]

Defendants removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  With regard to the amount in controversy, the defendants alleged that it is facially apparent the amount exceeds $75,000 exclusive of interest and costs. Defendants relied on the allegations of damages alleged in paragraph six of the plaintiff's state court petition to support their allegation that the amount in controversy in this case exceeds the jurisdictional minimum.[3]

Plaintiff moved to remand and argued that his claims do not satisfy the required amount in controversy.  In their response the defendants did not contest plaintiff's argument that the petition does not allege claims which satisfy the statutory amount for diversity jurisdiction.[4]

Based on the applicable law and the analysis that follows, the plaintiff's Motion to Remand should be granted.

---

[2] Record document number 1-1, Petition for Damages, ¶¶ 5-7.

[3] Record document number 1, Notice of Removal, ¶ 14.

[4] Defendants noted that in preparing their response they considered the recent Ruling and Order issued in *Burns v. Bass Pro, LLC,* 2014 WL 556623 (M.D.La. Feb. 12, 2014).  It is not necessary to address what impact the decision in *Burns* has, if any, on this case.

**Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[5]  Therefore, in the Fifth

---

[5] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
   Plaintiff did not allege that his claim was for less than the required jurisdictional amount.  While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

Circuit for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[6]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia*

---

[6] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

*(ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

Defendants' Notice of Removal properly alleged the citizenship of the parties. Based on these allegations the requirement of complete diversity is under § 1332(a) is satisfied.[7] With regard to the amount in controversy, however, it is not facially apparent from the allegations in the plaintiff's petition that the value of his claims exceeds $75,000, exclusive of interest and costs.

Although the plaintiff alleged that he was entitled to recover numerous categories of past, present and future damages, with regard to his injuries he generally alleged only that he sustained

---

[7] Record document number 1, Notice of Removal, ¶¶ 7-9.

5

"personal injuries and property damage." Entirely absent from the petition are any allegations describing specific injuries or damages with particularity, such as what property was damaged, the parts of his body that sustained injury, or a description of the nature or extent of the injuries. It would be pure speculation to conclude that these claims satisfy the jurisdictional amount based on such general allegations of damages, and no description of the plaintiff's injuries. The lack of an Article 893(A)(1) allegation in the plaintiff's petition is also insufficient to carry the defendants' burden of proof.

It is not facially apparent from the petition that the plaintiff's claims likely exceed $75,000, exclusive of interest and costs. Defendants failed to meet their burden of showing by a preponderance of the evidence that the jurisdictional amount is satisfied. Plaintiff's Motion to Remand should be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiff Michael D. McFarland be granted.

Baton Rouge, Louisiana, April 1, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE